IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SALEM FUAD JABRI, #4749-8864** | § | |
| **Petitioner,** | § | |
| | § | |
| v. | § | 3:14-CV-1050-L-BK |
| | § | |
| **MARCELLO VELLEGAS, Warden,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On March 25, 2014, Petitioner, an alien detainee, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241, which was automatically referred to the undersigned Magistrate Judge.  *See* 28 U.S.C. § 636(b) and *Special Order 3*.  For the reasons that follow, this case should be dismissed for want of jurisdiction and as premature.

**I. BACKGROUND**

In 2003, after marrying a United States citizen and submitting a naturalization application, Petitioner (a native of Jordan) was examined by the United States Citizenship and Immigration Service (USCIS).  *Aljabri v. Holder*, 745 F.3d 816, 817 (7th Cir. 2014).  Although Petitioner signed an oath of allegiance in the presence of an USCIS officer, allegedly, additional documents were needed and a final decision on the application was not made.  *Id.*  Before a decision was issued, Petitioner was charged with and convicted of wire fraud and structuring, sentenced to 84 months' imprisonment, and ordered to pay $1,084,999 in restitution.  *See United States v. Aljabri*, 2013 WL 3975255 *1 (N.D. Ill. July 30, 2013) (denying post-conviction relief under 28 U.S.C. § 2255).  In 2010, after being charged as a removable alien for having been

1

convicted of an aggravated felony, 8 U.S.C. § 1227(a)(2)(A)(iii), Petitioner was ordered removed *in absentia*. *Aljabri*, 745 F.3d at 817-818.

In 2011, Petitioner initiated civil proceedings in the U.S. District Court for the Northern District of Illinois, seeking to be declared a United States citizen based on the 2003 application for naturalization that was still pending with USCIS; however, the case was dismissed for want of jurisdiction. *Id.* at 818. Petitioner also requested to reopen his removal proceeding, asserting that it was not his fault that he had missed the removal hearing. *Id.* However, in January 2014 (following two remands from the Board of Immigration Appeals (BIA) and lengthy proceedings in immigration court), Petitioner was again ordered removed, and the BIA ultimately affirmed the order of removal on July 7, 2014. [Doc. 13 at 5-7]. In the interim, the Court of Appeals for the Seventh Circuit remanded the civil case to the district court, *Aljabri*, 745 F.3d at 821, which in turn remanded the application for naturalization to USCIS, which finally denied it on September 8, 2014. [Doc. 17 at 3-6].

In this action, Petitioner challenges his pre-final-deportation order of detention and requests to be released under reasonable conditions of supervision. [Doc. 3 at 1, 22]. Respondent argues the petition lacks merit and Petitioner has filed a reply. [Doc. 12; Doc. 15; Doc. 9; Doc. 16].

## II. ANALYSIS

At the time of filing this action, Petitioner remained in the custody of the Bureau of Immigration and Customs Enforcement (ICE) under 8 U.S.C. § 1226(c) (pre-final-deportation-order detention), awaiting disposition of his BIA appeal from the immigration judge's (IJ's) decision denying relief and ordering his removal. Because the BIA affirmed the IJ's decision on

July 7, 2014, the Court must examine whether it has jurisdiction over the instant action.  *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate....  The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Geraghty*, 445 U.S. at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)).

Petitioner's administrative order of removal became final on July 7, 2014, when the BIA affirmed the IJ's decision.  *See* 8 U.S.C. § 1101(a)(47)(B).  As a result, Petitioner is no longer subjected to pre-final-deportation-order detention under section 1226(c), and his claims challenging his detention under that statute are moot.  *See Andrade v. Gonzales*, 459 F.3d 538, 543-544 (5th Cir. 2006) (petitioner, whose removal case became administratively final after he challenged his pre-final-deportation-order detention, could no longer state a claim for relief under section 1226(c)).

Petitioner's detention is now governed by 8 U.S.C. § 1231.  *See id.* at 534.  Even liberally construing the petition to challenge his post-removal-order detention under section 1231, Petitioner's claim is premature.  After a final order of removal, it is presumptively constitutional

3

for an alien to be detained for six months. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).[1]  Here, Petitioner cannot show that he has been in post-removal-order detention for at least six months from the date his removal order became final.  See *Agyei-Kodie v. Holder*, 418 Fed. Appx. 317, 317-318 (5th Cir. 2011) (per curiam) (dismissing as premature post-removal-order-detention challenge; noting that six-month period following date on which removal order became final must have elapsed before filing of habeas petition challenging confinement under *Zadvydas*).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Petitioner's claims under 8 U.S.C. § 1226(c) be **DISMISSED** without prejudice for want of jurisdiction the same being moot, and that any intended claim under 8 U.S.C. § 1231 be **DISMISSED** without prejudice as premature.

SIGNED October 21, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1]The detention, release, and removal of aliens subject to a final order of removal is governed by 8 U.S.C. § 1231.  The Attorney General shall remove the alien within a period of 90 days, during which time the alien shall be detained.  *Id.* § 1231(a)(1)(A), (a)(2).  If the alien is not removed within the 90-day period, he may be detained beyond that time or released subject to the terms of supervision prescribed by the Attorney General.  *Id.* § 1231(a)(3), (6).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE